IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DWANE ANTHONY BELAIRE and AMBER HOLLADAY BELAIRE, | * * * | CIVIL ACTION NO. |
| | * | JUDGE JAMES CAIN |
| VERSUS | * * | MAG. JUDGE KATHLEEN KAY |
| FEDERAL EMERGENCY MANAGEMENT AGENCY | * | |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, DWANE ANTHONY BELAIRE and AMBER HOLLADAY BELAIRE, who respectfully represent as follows:

1.

Plaintiffs, DWANE ANTHONY BELAIRE and AMBER HOLLADAY BELAIRE, are husband and wife and persons of the full age of majority, who are domiciled in Calcasieu Parish, Louisiana.

2.

Made Defendant herein is the FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA), an agency of the United States of America that underwrites and adjusts flood policies, authorized to do and doing business in the State of Louisiana, who may be served at 500 C Street, SW, Washington DC 20472

3.

Jurisdiction is proper in this Honorable Court pursuant to 42 USC 4072, which grants federal courts exclusive jurisdiction over disputes between claimants and insurers in the NFIP. Jurisdiction is also proper under the National Floor Insurance Act of 1968 and federal common law.

4.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this District in Calcasieu Parish; Complainant resides in this District and the Property that is subject to the dispute between Complainant and Defendant is located in this District.

5.

Petitioners, DWANE BELAIRE and AMBER BELAIRE, are the owners of property located at 4015 CREOLE STREET, Lake Charles, Louisiana 70605-3415, which sustained significant damage due to flooding from the historic flood that devastated Calcasieu Parish on or about May 17, 2021.

6.

At the time of loss, Petitioners' property was insured through FEMA's NFIP Direct under policy number SF00691501, said policy being in full force and effect at the time of loss on or about May 17, 2021. The policy provides coverage in the amount of $331,500.00, which included $250,000.00 worth of building coverage and $81,500.00 worth of contents coverage on the property.

7.

On or about May 30, 2021 Petitioners filed a claim under their flood insurance policy with FEMA, NFIP Direct.

8.

Defendant hired Fountain Group Adjusters to render reports and assess the claim on their behalf. Preston Kuhn was the Adjuster assigned to the claim.

9.

A report was rendered by Fountain Group Adjusters for the Building damages, totaling an ACV Estimate of $143,748.78, after depreciation was deducted in the amount of $29,800.30. The recoverable depreciation value for the Building totaled $26,986.47.

10.

A report was rendered for inventory of Contents damaged. Plaintiffs sustained damages in the amount of $69,393.28 in Replacement Cash Value with an Actual Cash Value totaling $49,300.20. After the deductible was taken out of these totals, Plaintiffs were owed $ 68,143.28 (RCV) and $48,050.20 (Actual Cash Value) under the policy for Contents coverage.

11.

Payment was made by check dated July 15, 2021 from NFIP Direct to Plaintiffs in the amount of $169,485.25 under coverage for Building and $33,050.20 under coverage for Contents. To date, these are the only payments received by the Plaintiffs.

12.

Due to FEMA's failure to fairly and timely adjust their claim, Plaintiffs were forced to hire an engineer and public adjuster to prepare a report/estimate of the flood damage to their property and to hire an attorney to assist them with their claim.

13.

Plaintiffs hired an independent adjuster (Accord Services, LLC) and engineer (Charles R. Norman, P.E.) to render reports and estimates of the flood-related damages. Pursuant to Norman's report and Accord's estimate, damages sustained as a result of the flood totaled $282,948.35 for the building only. These reports/estimates were submitted to the insurer. Fema rejected the

estimate and has refused to pay the remaining amounts owed on the claim. A formal denial was issued via letter on September 12, 2022.

14.

At all times, Plaintiffs fulfilled all obligations under the flood policy.

15.

By failing to promptly and fairly adjust Plaintiffs' claims, FEMA has breached the insurance agreement. Plaintiffs are entitled to full and fair compensation for the flood damage to their property pursuant to their policy of insurance.

16.

Pursuant to La. R.S. 22:1982, FEMA was obligated to pay the amount due on Petitioners' claim within 30 days of receipt of satisfactory proof of loss. FEMA failed to do so and its failure to do so is arbitrary, capricious, and/or without probable cause. Accordingly, FEMA is liable to Petitioners, in addition to the amount of the loss, for bad faith damages of fifty percent of the amount found to be due, as well as reasonable attorney's fees and costs.

17.

Pursuant to La. R.S. 22:1973, FEMA owed a duty of good faith and fair dealing to Petitioners, had an affirmative duty to adjust Petitioners' claim fairly and promptly, and to make a reasonable effort to settle Petitioners' claims. FEMA breached these duties to Petitioners and, therefore, is liable to Petitioners for any and all damages sustained by Petitioners as a result of the breach(es). Specifically, NFIP Direct has knowingly failed to pay the amount due on Petitioners' claim within sixty days of receipt of satisfactory proof of loss from Petitioners and FEMA's failure to do so is arbitrary, capricious, and/or without probable cause. In addition to the general and special damages to which Petitioners are entitled for FEMA's breach of their duties under La. R.S.

22:1973, Petitioners are entitled to an award of penalties in an amount not to exceed two times the damages sustained or $5,000.00, whichever is greater.

18.

Plaintiffs maintain that FEMA further breached its duty to Plaintiffs and violated the National Flood Insurance Act, flood insurance regulations, and applicable bad faith laws through the following, non-exclusive acts:

1. Failing to take into account the economic climate of a community after two hurricanes and a flood within less than a year period;

2. Failing to pay sufficient amounts following receipt of satisfactory proof of loss and estimate prepared by public adjuster; and

3. Failing to timely and properly adjust the claim.

19.

As a result of the foregoing breaches of contract and duty and other acts of negligence and fault of FEMA through NFIP Direct Flood Insurance, Plaintiffs have experienced actual damages, including:

1. Past and future expenses for the repairs to their home caused by flooding damage for which they have not been fully compensated under their insurance policy;

2. Damages to their property caused by normal weather patterns, but which are the result of not receiving insurance proceeds owned by the insurer that were necessary to repair the property to protect it from further damage;

3. Damage to their personal property due to flooding for which they have not been compensated under their insurance policy;

4. The expense of hiring an expert engineer and public adjuster to inspect their house;

4. The expense of hiring an attorney to pursue this matter;

5. Delays in the renovation and repair of their house due to inadequate insurance funds;

6. Delays in their ability to return to their house to live;

5. All general and specific damages occasioned by Defendant's misconduct, including attorney's fees, costs, interest and penalties;

6. Damages for the bad faith conduct of defendant; and

7. Other damage to which Plaintiffs are entitled in law or equity.

WHEREFORE, Petitioners, DWANE BELAIRE and AMBER BELAIRE, pray that after due proceedings are had, there be judgment in their favor and against the Defendant, FEDERAL EMERGENCY MANAGEMENT AGENCY, for all damages that are reasonable in the premises, plus attorney's fees, penalties, costs, and interest at the rate permitted by law, from the date of judicial demand until paid. Petitioners further pray for all other relief to which they may be entitled in law or equity.

Respectfully submitted,

*/s/ David P. Bruchhaus*
DAVID P. BRUCHHAUS (#24326)
WESLEY A. ROMERO (#33344)
JAMIE C. GARY (#29203)
LENZI C. HEBERT (#38544)
MUDD, BRUCHHAUS & KEATING, LLC
422 E. College Street, Suite B
Lake Charles, LA 70605
Telephone: (337) 562-2327
Facsimile: (337) 562-2391
Email: dbruchhaus@mbklaw.net

*Attorneys for Plaintiffs,*
DWANE ANTHONY BELAIRE and AMBER HOLLADAY BELAIRE

**PLEASE SERVE:**

Defendant, as outlined in Paragraph 2 of the Petition.